**JESS FISHER & CO., Inc. v. HICKS et al.**

**No. 1158.**

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 7, 1952.

Decided Jan. 30, 1952.

Herman Miller, Washington, D. C., for appellant.

No appearance for appellee.

Ruffin A. Brantley, Washington, D. C., for Robert F. Cogswell, Administrator of Rent Control, intervenor.

Before CAYTON, Chief Judge, HOOD, Associate Judge, and BARLOW, Associate Judge of the Municipal Court, sitting by designation.[1]

BARLOW, Acting Associate Judge.

This action was brought for possession of an alleged rooming house on the ground of nonpayment of rent. At the trial appellant, plaintiff below, was permitted to amend to include the further ground that appellee tenant was violating an obligation of his tenancy,[2] by not using the premises as a rooming house. There was a finding and judgment in favor of the tenant and the landlord appeals. The issues presented here are (1) whether the Act of Congress of June 30, 1950,[3] amending the District of Columbia Emergency Rent Act[4] decontrolled the premises in question, and (2), if not, the enforceability of a lease entered into by the parties under the apparent assumption that such decontrol occurred.

Tenant entered into possession in 1940. Appellant became landlord on or about January 1, 1951. On February 10,

1. Code 1940, Supp. VII, § 11–771.
2. Code 1940, Supp. VII, § 45–1605(b) (1).
3. Public Law 592, Chap. 428, 81st Congress, 2nd Session, approved June 30, 1950, 64 Stat. 310.
4. Code 1940, Supp. VII, § 45–1601 et seq.

178

1951, appellant wrote the tenant that the property in question "is no longer subject to Rent Control," and that the rent would be raised to $75.00 per month effective March 13, 1951. On February 28, 1951, under the mutual assumption that the property had become decontrolled by the Act of June 30, 1950, the parties entered into a one-year's lease at the rate of $75.00 per month; the tenant agreed therein to use the premises as a dwelling and rooming house. The ceiling rent, effective in the absence of decontrol, is $43.20. Unless the premises have been decontrolled, this ceiling, of course, remains effective regardless of any agreement made by the parties.[5]

■ Appellant cites as error the failure of the trial judge to hold the premises decontrolled by the amendment of June 30, 1950, or by the District of Columbia Emergency Rent Act of 1951.[6] The Act of June 30, 1950, decontrolled "any building used as a rooming house". The Rent Act, at that time, defined a rooming house as "a house in which living quarters are rented by the householder to more than four persons."[7] The District of Columbia Emergency Rent Act of 1951 decontrolled "any building used as a licensed rooming house." A licensed rooming house in the District of Columbia is any building occupied or offered for occupancy by five or more roomers.[8] According to the record on appeal, the premises in issue were never rented or offered for rental by the appellee to more than four persons or roomers. Clearly the premises in issue were not decontrolled by either the Act of June 30, 1950, or by the Rent Act of 1951. Any lease entered into under the mistaken assumption that decontrol had taken place is, therefore, ineffective.

The judgment of the court below is

Affirmed.

5. Code 1940, Supp. VII, § 45–1605 (a).

6. Public Law 63, Chap. 192, 82nd Congress, 1st Session, approved June 30, 1951, 65 Stat. 98.

7. Code 1940, Supp. VII, § 45–1607 (b).

8. D. C. Commissioners Order No. 301,-260/10, September 14, 1948.